# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOSEPHINE M. THOMPSON,                    )
*as the Independent Executor of the Will of*   )
*Victor J. Thompson*, *deceased*,              )
                                          )
             Plaintiff,         )
                                          )
v.                                        )          Case No. 11-1220-JTM
                                          )
NORENE HARNESS,                           )
                                          )
             Defendant.         )

## ORDER

This matter comes before the Court upon Plaintiff's Motion to Modify Scheduling Order and for Leave to Respond Out of Time to Requests for Admissions (ECF No. 21)[1] and Defendant's Motion to Strike Reply Brief (ECF No. 63). For the reasons explained below, the Court grants, in part, Plaintiff's motion and denies Defendant's motion.

## I.   Background

In her Complaint, Plaintiff alleges that Victor J. Thompson, Norene Harness ("Defendant" or "Ms. Harness"), and George E. Thompson were the beneficiaries of the Thompson Family Trust.[2] In 1998, the Thompson Family Trust was purportedly dissolved and the property distributed to each of the beneficiaries.[3]

George E. Thompson's share was allegedly transferred to the George Elvin Thompson Trust. On the death of George E. Thompson, the property in the George Elvin Thompson Trust was

---

[1] The Court has already ruled upon the portion of the motion seeking amendment to the Scheduling Order.

[2] Compl. ¶ 7, ECF No. 1.

[3] *Id.* ¶ 10.

purportedly to be equally distributed to Victor J. Thompson and Ms. Harness.[4]  Plaintiff alleges that

following the death of George E. Thompson, Ms. Harness, as trustee of the George Elvin Thompson

Trust, refused to deliver one-half of the property to Victor J. Thompson and instead, converted it to

her personal use.[5]  Plaintiff brings this lawsuit in her capacity as the independent executor of the will

of Victor J. Thompson against Ms. Harness for conversion and breach of fiduciary duty.[6]

## II.   Analysis

On December 7, 2011, Defendant served her First Requests for Admission on Plaintiff.[7]  The

requests seek admissions about key facts in this case, including whether there are signed documents

creating the trusts described in Plaintiff's Complaint, whether Ms. Harness was the trustee of any

such trusts, and whether the distributions from the trusts were authorized.

Fed. R. Civ. P. 36 states that a matter is admitted unless, within 30 days after being served,

the party to whom the request is directed serves a written answer or objection.  Plaintiff's former

counsel did not respond to Defendant's Requests for Admission within thirty days.  Therefore, the

requests are deemed admitted under Rule 36.  Plaintiff has obtained new counsel and now seeks

leave to deny or otherwise respond to Request Nos. 1, 3–4, 7–8, 11, and 13–15[8] pursuant to Fed. R.

---

[4] *Id.* ¶ 9.

[5] *Id.* ¶¶ 21, 26.

[6] Plaintiff has filed a motion to amend her Complaint to include claims for tortious interference with expectancy and unjust enrichment.  The causes of action in Plaintiff's proposed Amended Complaint are based upon Ms. Harness' purported conduct relating to the Thompson Family Trust, not the George Elvin Thompson Trust.  *See* ECF No. 41-1.

[7] Def.'s First Reqs. for Admiss. to Pl., ECF No. 53-2.

[8] Plaintiff does not seek to withdraw her admissions to Request Nos. 2, 5–6, 9–10, 12, and 16–18.  Therefore, these requests are deemed admitted.

Civ. P. 36(b).[9]

Fed. R. Civ. P. 36(b) provides that a matter admitted under Rule 36 is conclusively established unless the court permits the admission to be withdrawn or amended.  Rule 36 contains a two-part test for determining whether a party may withdraw an admission.  The Court may permit withdrawal if (1) withdrawal would promote presentation of the merits of the action and (2) it would not prejudice the requesting party in maintaining or defending the action on the merits.[10]  Rule 36(b) "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."[11]  Thus, "[t]he court's focus must be on the effect upon the litigation and prejudice to the resisting party rather [ ] than on the moving party's excuses for an erroneous admission."[12] The decision whether to permit withdrawal is a discretionary one.[13]

Under the first part of the Rule 36(b) test, the party moving to withdraw an admission has the burden of demonstrating that the presentation of the merits of the action will be subserved or

---

[9] Judges in this District have applied Rule 36(b) to determine whether a party may respond out of time to requests for admission.  *See Team Logistics, Inc. v. OrderPro Logistics, Inc.*, No. 04-2061-JWL-DJ, 2005 WL 1140774, at *2 (D. Kan. May 10, 2005).  In at least one other case from this District, a party was permitted to serve answers to requests for admission out of time by demonstrating excusable neglect.  *See Espy v. Mformation Techs.*, No. 08-2211-EFM, 2009 WL 2912506, at *10–*11 (D. Kan. Sept. 9, 2009).

[10] Fed. R. Civ. P. 36(b).

[11] Fed. R. Civ. P. 36 advisory committee's note.

[12] *In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000); *see also FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (stating that Rule 36 does not require a party to prove excusable neglect or otherwise explain its failure to timely respond).

[13] *Ropfogel v. United States*, 138 F.R.D. 579, 582 (D. Kan. 1991).

facilitated by permitting the withdrawal.[14]  In *Ropfogel v. United States*, Judge Theis collected cases from various jurisdictions and identified factors that a district court may consider as part of this inquiry.[15]  The factors identified in *Ropfogel* include (1) whether the admission is contrary to the record in the case; (2) whether an admission is no longer true because of changed circumstances; (3) whether, through an honest error, a party has made an improvident admission; and (4) whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits.[16]  The Tenth Circuit has stated that the first part of the Rule 36(b) test "'emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'"[17]

The second part of the Rule 36(b) test requires the party opposing withdrawal to show that she would be prejudiced by withdrawal of the admissions.[18]  Mere inconvenience does not constitute prejudice.[19]  The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth; rather, the prejudice relates to the difficulty that a party might face in proving its case caused by a sudden need to obtain evidence with respect to the

---

[14] *Team Logistics, Inc. v. OrderPro Logistics, Inc.*, No. 04-2061-JWL-DJ, 2005 WL 1140774, at *2 (D. Kan. May 10, 2005).

[15] *Ropfogel*, 138 F.R.D. at 583.

[16] *Id.*; *see also Webb v. Deluxe Fin. Servs., Inc.*, No. 05-2137-CM, 2006 WL 4549690 (D. Kan. Dec. 1, 2006) (utilizing factors from *Ropfogel*); *Team Logistics, Inc.*, 2005 WL 1140774 (utilizing factors from *Ropfogel*).

[17] *Raiser v. Utah Cnty.*, 409 F.3d 1243, 1246 (10th Cir. 2005) (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002)).

[18] *Id.*

[19] *Id.*

questions previously deemed admitted.[20]  With these principles in mind, the Court turns to the specific Requests for Admission at issue.

Request No. 1 seeks an admission that, under applicable Kansas law, any intended testamentary trust is of no legal effect if the will purporting to create such trust is never probated. Plaintiff seeks to withdraw her admission so that she can object to this request as an improper legal conclusion.

Under Rule 36, a party may serve on any party a written request to admit the truth of any matters relating to facts, *the application of law to fact*, or opinions about either.  But requests for admission relating to the truth of a legal conclusion are properly objectionable.[21]  In other words, "Although Rule 36 allows for requests applying law to fact, 'one party cannot demand that the other party admit the truth of a legal conclusion.'"[22]

Plaintiff cites no case law where a party was permitted to withdraw an admission under Rule 36(b) merely because the request was objectionable.  In addition, Plaintiff makes no showing that withdrawing Request for Admission No. 1 "would promote presentation of the merits of the action" as required by Rule 36(b).  For example, Plaintiff does not argue that the admission is an incorrect statement of the law or otherwise explain how the admission adversely affects her ability to present the merits of her claims.  Indeed, the Court is not bound by stipulations of the parties as to questions

---

[20] *Id*. (internal quotations and citations omitted); *see also Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

[21] *Utley v. Wray*, No. 05-1356-MLB, 2007 WL 2703094, at *3 (D. Kan. Sept. 14, 2007).

[22] *Id*. (quoting *Disability Rights Council v. Wash. Metro. Transit Auth.*, 234 F.R.D. 1, 3 (D.D.C. 2006)).

of law.[23]  Accordingly, the Court will not permit Plaintiff to serve any further response to Request for Admission No. 1.

Request Nos. 3 and 4 seek admissions that Plaintiff has no signed documents and does not know of any signed documents purporting to create any of the alleged trusts referenced in Plaintiff's Complaint.  Similarly, Request Nos. 7 and 8 seek admissions that Plaintiff has no signed documents and does not know of any signed documents purporting to create the Thompson Family Trust.

Plaintiff argues these admissions are contrary to the record in this case.  She contends that Ms. Harness, Victor Thompson, and George Thompson intended to and did create and fund the Thompson Family Trust, with such intent being evidenced in handwritten notes and various financial records.  Plaintiff indicates that she has produced numerous documents regarding the Thompson Family Trust, including financial statements expressly identifying Ms. Harness as "trustee" of the Thompson Family Trust, handwritten notes referencing the Thompson Family Trust and assets, and a tax return prepared for the Thompson Family Trust.

Defendant contends that the admissions are not contrary to the record in this case.  To support her position, Defendant states that no signed trust documents have been produced that would have created the trusts described in Plaintiff's Complaint and that Plaintiff has not produced a true effective written trust instrument.  Defendant also relies upon her own deposition from another case in which she testified that she had not ever seen a written trust.

Defendant appears to interpret the requests as seeking an admission that there was no signed, written instrument, such as a declaration of trust, setting forth the trust's terms.  But Defendant's

---

[23] *Koch v. U.S. Dep't of Interior*, 47 F.3d 1015, 1018 (10th Cir. 1995) (stating that although courts honor stipulations regarding factual issues, courts are not bound by stipulations of the parties to questions of law).

Requests for Admission are not so narrowly written.  Neither party has cited any authority explaining how a trust is created under Kansas law.  Plaintiff apparently takes the position that there are various signed documents (even if not a formal declaration of trust) that created the trust or, at least, evidenced its existence.  And Plaintiff has produced some documents that appear to support her position.  Thus, admitting that there are no signed documents creating the trust could be contrary to the record under Plaintiff's view of how the trusts were created.  Permitting withdrawal of the admission will subserve the merits of this case because it will allow Plaintiff to present her evidence as to whether a trust was created by any signed documents.[24]

Defendant has not demonstrated that she would be prejudiced by withdrawal of the admission.  For example, Defendant has not shown that she has insufficient time before trial to obtain the evidence necessary to prove the matters previously admitted.[25]   However, the Court recognizes that the deadline for completing discovery, June 18, 2012, is approaching.  Therefore, to allow Defendant additional time to serve any written discovery relating to the matters previously admitted, the Court will extend discovery for an additional two weeks or until July 2, 2012.[26]

---

[24] *See Team Logistics, Inc. v. OrderPro Logistics, Inc*., No. 04-2061-JWL-DJ, 2005 WL 1140774, at *4 (D. Kan. May 10, 2005) (holding that presentation of the merits would be subserved by allowing the defendant to present its version of the facts).

[25] *Id.* (holding that plaintiffs did not demonstrate prejudice because plaintiffs' ability to obtain the evidence to prove the matters admitted was not notably any more difficult than at the time the admissions were made); *cf. Ropfogel v. United States*, 138 F.R.D. 579, 584 (D. Kan. 1991) (finding prejudice because plaintiff had determined that documentary evidence and witnesses were not necessary for the admitted matters and there was insufficient time before trial to obtain the necessary evidence and witnesses).

[26] The Court will also extend the following deadlines: The final pretrial conference is now scheduled for July 16, 2012 at 10:30 a.m.  The parties' proposed final pretrial order will be due July 9, 2012.  Dispositive motions shall be due July 30, 2012.  No other deadlines, including the trial date, are affected.

Further, there is nothing preventing Defendant from serving more narrowly tailored requests for admission. Accordingly, the Court permits Plaintiff to withdraw her admissions to Request Nos. 3–4 and 7–8.

Request No. 11 seeks an admission that Ms. Harness was never a settlor or original trustee of any of the trusts described in Plaintiff's Complaint. Plaintiff's Complaint and proposed Amended Complaint are premised upon Defendant acting not only as the trustee of the George Elvin Thompson Trust but also the Thompson Family Trust. As discussed above, Plaintiff indicates that she has produced numerous documents regarding the Thompson Family Trust, including financial statements expressly identifying Ms. Harness as "trustee" of the Thompson Family Trust. Because there appear to be some documents supporting denial, the Court believes that permitting Plaintiff to withdraw this admission will subserve the merits of this case. Defendant has not demonstrated any prejudice if the admission is withdrawn. Accordingly, the Court permits Plaintiff to withdraw her admission to Request No. 11.

Request Nos. 13–14 seek admissions that Victor Thompson consented to or authorized the distribution of assets constituting the corpus of the Thompson Family Trust. Request No. 15 seeks an admission that George E. Thompson consented to the distribution of assets constituting the corpus of the Thompson Family Trust. Plaintiff indicates that she would admit that Victor Thompson authorized a distribution in 1998 but otherwise lacks sufficient information, after making reasonable inquiry, to admit or deny whether any other distributions were authorized.

These admissions seek to establish a defense that Victor Thompson and/or George Thompson consented to any and all distributions from the Thompson Family Trust by Norene Harness. It is difficult for the Court to see how Plaintiff could maintain her claims if *all* of the distributions

8

complained of in her Complaint were authorized.  Thus, these admissions appear to eliminate any presentation of the merits of Plaintiff's claims.[27]

Defendant argues that courts have denied motions to withdraw admissions even when presentation of plaintiff's case on the merits were to be eliminated by the deemed admissions.[28] And at least one Judge in this District has stated that a court is not required to allow withdrawal of an admission even if both the merits and prejudice issues weigh in favor of the party seeking the withdrawal.[29]  But Defendant takes this a step further and, relying upon a 1996 decision from the Nebraska Court of Appeals, argues that there must be some showing that the matters previously admitted are untrue or are subject to reasonable dispute.[30]   Defendant has not cited any authority from the Tenth Circuit requiring such proof, and this Court declines to impose such a requirement.

Requests for admission are used to establish the truth of facts about which there is no real

---

[27] *See Ropfogel*, 138 F.R.D. at 584 (holding that the district court erred in denying a motion to amend admissions because the admissions conceded the core elements of plaintiff's complaint and thus, withdrawal would have subserved the presentation of the merits of the action); *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *2 (D. Colo. Apr. 12, 2011) (holding that defendant had satisfied the first prong of Rule 36(b) because enforcing the admissions would remove from controversy several ultimate issues of fact and thus, eliminate any presentation of the merits of the case); *Jesusdaughter v. Scoleri*, No. 02-cv-00084-REB-BNB, 2007 WL 707464, at *2 (D. Colo. Mar. 5, 2007) (holding that defendant had satisfied the first prong of Rule 36(b) because enforcing the admissions would concede plaintiff's remaining claim).

[28] *See Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C. 1998) (declining to adopt a *per se* rule that courts must permit withdrawal of an admission simply because it relates to a dispositive fact in the case).

[29] *Ropfogel*, 138 F.R.D. at 582.

[30] *See In re Estate of Springer*, No. A-94-132, 1996 WL 4309 (Neb. Ct. App. Jan. 2, 1996).

dispute.[31] Here, discovery has not yet closed, and Plaintiff indicates that she does not have sufficient information to admit or deny the requests. At this point, there does not appear to be any clear answer whether any other distributions were authorized. There is nothing to suggest that Plaintiff will be unable to develop evidence through discovery that could support a denial or at least, a more detailed response. Under the facts of this case, the Court believes that permitting Plaintiff to withdraw the admission would help promote a decision on the merits. Further, Defendant has not demonstrated any prejudice by withdrawal of the admissions. As a result, the Court permits Plaintiff to withdraw her admissions to Request Nos. 13–15.

Twelve days after the briefing was complete on Plaintiff's motion for leave to respond out of time to requests for admissions and shortly before the Court was prepared to rule, Defendant filed a motion to strike Plaintiff's reply brief. Defendant contends that she was "unfairly" surprised because Plaintiff incorporated new arguments and a new exhibit into her reply brief.

A reply may not properly be used to raise new arguments in support of a party's position.[32] However, the Court disagrees with the characterization that Plaintiff improperly raised new arguments in her reply. In her initial motion, Plaintiff articulates the two part test from Rule 36(b); she then argues that the requests go directly to the merits of the case and that Defendant would not be prejudiced by withdrawal of the admissions. In her opposition, Defendant argues that Plaintiff failed to explain how each specific request for admission would practically eliminate presentation

---

[31] *Tetra Fin. Grp., LLC v. Cell Tech Int'l, Inc.*, No. 2:08-cv-935-DAK-PMW, 2010 WL 1740855, at *3 (D. Utah Apr. 28, 2010) (internal citations omitted).

[32] *United States v. Pickard*, No. 00–40104–01/02, 2012 WL 1658899, at *4 (D. Kan. May 9, 2012) (citing *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006)).

of her case on the merits or how withdrawal would subserve the merits of the case.

In her reply, Plaintiff addresses Defendant's opposition by providing a more detailed discussion of how each admission would eliminate presentation of the merits of her case. Rather than making "new" arguments, Plaintiff is simply elaborating further on the arguments and rationale raised in her initial brief. The Court does not believe that this rises to a level of "unfair surprise" or otherwise significantly impacts Defendant's ability to respond to the motion. Notably, Defendant does not seek leave to file a sur-reply to address any of the purported "new" arguments discussed in Plaintiff's reply.

Defendant also complains that Plaintiff attached a new exhibit to her reply brief. The new exhibit is a copy of Defendant's Requests for Admissions. This is not "unfair surprise." Defendant drafted the requests and is well aware of their content.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Modify Scheduling Order and for Leave to Respond Out of Time to Requests for Admissions (ECF No. 21) is hereby granted in part and denied in part.

**IT IS FURTHER ORDERED** that Plaintiff shall serve amended responses to Defendant's Request for Admission Nos. 3–4, 7–8, 11 and 13–15 by May 29, 2012.

**IT IS FURTHER ORDERED** that the Scheduling Order shall be amended as follows:

1.   All discovery shall be commenced or served in time to be completed by **July 2, 2012.**

2.   All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **July 30, 2012**.

3.      Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for **July 16, 2012 at 10:30 a.m.**, in the U.S. Courthouse, Room 470, 444 SE Quincy, Topeka, Kansas.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No later than **July 9, 2012**, Defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0 or Microsoft Word) as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike (ECF No. 63) is denied.

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2012, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

12