IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPHINE M. THOMPSON *as the Independent Executor of the Will of deceased Victor J. Thompson*,

        Plaintiff,

vs.                                         Case No. 11-1220-JTM

NORENE HARNESS,

        Defendant.

MEMORANDUM AND ORDER

    Josephine M. Thompson's Motion to Amend Her Complaint (Dkt. No. 41) is before the court. She seeks to add factual allegations regarding her knowledge of the alleged injury, to correct factual statements proved incorrect through discovery, and to add claims for tortious interference with expectancy and unjust enrichment. The defendant, Norene Harness, argues the proposed amendments are futile or were submitted in bad faith. For the following reasons, the court finds the amendments are not futile and were not submitted in bad faith. Accordingly, the court grants the motion.

**I. Factual Background**

    Ms. Thompson is the widow and executrix of the will of Victor Thompson, who died in June 2007. Victor J. Thompson, George E. Thompson, and Norene Harness are the children of Irene and George V. Thompson. After Irene died in 1988, Victor, George E., and Norene created and funded

the Thompson Trust, and it was intended that each would have a one-third interest in the Thompson Trust property. Throughout the existence of the Thompson Trust, Norene served and held herself out as the trustee, including managing the trust property and all the financial accounts.

George E. Thompson died on January 17, 2006. His share of the Thompson Trust was transferred to the George E. Thompson Trust, of which Norene was also the trustee. The proposed Amended Complaint alleges that shortly before his death Norene transferred funds from the Thompson Trust to her personal account, wrote checks payable to her or others out of trust funds, and paid over six thousand dollars to her daughter. On December 16 and 22, 2005, Norene transferred around $126,000 from the Thompson Trust to her personal account.

Victor died on June 26, 2007. At the time, Ms. Thompson believed all his assets were non-probate assets, and she did not open a probate estate. She alleges the following facts regarding her knowledge of the alleged injury:

> 18. Josephine M. Thompson was unaware of the existence of the Thompson Trust until, at the earliest, August 2010. Josephine M. Thompson first discovered documents referencing the George Elvin Thompson Trust and the Thompson Trust in August 2010, in the course of conducting discovery in connection with a lawsuit filed in Comanche County, such lawsuit being styled as *Norene Harness, et al. vs. Josephine M. Thompson, et al.*, Comanche County Case No. 09-CV-8.
> 19. Included in the documents discovered and produced in August 2010 through June 2011 in connection with the Comanche County Case were documents and files maintained by Victor J. Thompson. These documents and files contained handwritten notes and various account statements referencing the George Elvin Thompson Trust and the Thompson Trust. Josephine Thompson discovered account statements from 1991 and 1997 addressed to Norene Harness as Trustee of the Thompson Trust. Josephine Thompson did not discover any documents among Victor Thompson's files that reflected the withdrawals made by Norene Harness or documents reflecting that Victor Thompson was aware of these withdrawals.
> 20. On June 7 and 8, 2011, Norene Harness was deposed in the Comanche County case and testified on June 8 regarding her status as a Trustee for George Elvin Thompson's Trust and further testified that she received funds remaining in George E. Thompson's account.

> 21. Based upon the documents discovered and produced in connection with the Comanche County Case and Norene Harness' testimony in the same case, the conversion of funds from the Thompson Trust became reasonably ascertainable, at the earliest, as of June 8, 2011.

Dkt. No. 41, Ex. A.

Ms. Thompson brought suit against Ms. Harness, for conversion, breach of fiduciary duty, and punitive damages. Ms. Harness has moved to dismiss asserting the statute of limitations. *See* Dkt. No. 12. Ms. Thompson seeks to file an amended complaint to cure any defects regarding the statute of limitations issue and to correct factual allegations in light of additional information learned from recent discovery of financial records pertaining to the Thompson Trust. She also seeks to add a claim for tortious interference with expectancy and a claim for unjust enrichment.

**II. Legal Standard: Motion to Amend Complaint**

Under Fed. R. Civ. P. 15(a), parties may amend a pleading "once as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." All other amendments provided that "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Leave should be granted freely when justice requires. *Id.* The decision to grant leave after the permissive period is within the trial court's sound judgment and will not be disturbed absent an abuse of discretion. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

3

previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**III. The Proposed Amendment**s

Ms. Thompson seeks to amend her Complaint to add additional facts about when she became aware of the potential claims and to cure defects in the original factual allegations shown to be incorrect during discovery. She also seeks to add two new claims—tortious interference with expectancy and unjust enrichment. Ms. Harness opposes the motion arguing the amendments would be futile or that they are made in bad faith.

*A. Futility of Amendment*

Leave need not be granted if the amendment would be futile. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (stating "the district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint"). A proposed amendment is futile if it would be subject to dismissal. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). In determining futility, the court must analyze the proposed amendment as if it were before the court on a 12(b)(6) motion to dismiss. *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007). The court must accept as true all well-pleaded factual allegations and view them in the light must favorable to the pleading party. *Anderson*, 499 F.3d at 1232.

The proposed Amended Complaint alleges that Ms. Thompson was unaware of the two trusts until August 2010, when she first became aware of documents that referenced the trusts. It also

4

provides that she did not become aware of Ms. Harness's potential wrongdoing until June 8—the second day of Ms. Harness's deposition in the Comanche County, Kansas case. Ms. Thompson argues that she has alleged valid claims within the two-year statute of limitations.

Ms. Harness argues that the proposed amendment is futile because the claims fall outside of the statute of limitations. Kan. Stat. Ann. § 60-513 provides that the statute of limitations for "injury to the rights of another, not arising on contract, and not herein enumerated," (which includes the conversion claim) must be brought within two years. § 60-513(a)(4). The statute also provides that causes of action "shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." § 60-513(b). "The phrase 'reasonably ascertainable' means that a plaintiff has the obligation to reasonably investigate available sources that contain the facts of the [injury] and its wrongful causation." *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 630 (10th Cir. 2008) (quoting *Kelley v. Barnett*, 23 Kan. App.2d 564, 932 P.2d 471, 474 (1997)). The phrase does not mean actual knowledge. *Id.* Ms. Harness argues that the injury was reasonably ascertainable to Victor after George E. died in 2006 and that Victor's knowledge is imputed to Ms. Thompson. To support her position, Ms. Harness cites Victor's knowledge of the trusts and that he was a beneficiary, and because he knew that Ms. Harness was the trustee. She contends that if Victor "expected" payments from the trust after George E.'s death, the injury became reasonably ascertainable when he did not receive any payments in the year and a half after George's death and before his own death. But on the present state of the facts it is not clear when the injury became reasonably ascertainable to Victor, or if it ever did.

First, as Ms. Thompson points out in her Reply, "expect" and "expectancy" mean two different things. In the context of wills and estates, expectancy means the "possibility that an heir apparent, an heir presumptive, or a presumptive next of kin will acquire property by devolution on intestacy, or the possibility that a presumptive beneficiary will acquire property by will." BLACK'S LAW DICTIONARY 617 (8th ed. 2009). The common term "expect" mean "to anticipate or look forward to the coming or occurrence of." WEBSTER'S NEW COLLEGIATE DICTIONARY 399 (1981). The proposed Amended Complaint does not allege that Victor expected or anticipated receiving money after George E. died. Rather, it alleges that Victor had a protected property interest in the funds Ms. Harness withdrew from the Thompson Trust.

More importantly, this Motion for Leave to Amend is not the appropriate time to determine when Ms. Thompson's alleged injury became reasonably ascertainable. The important question in this motion is whether she has sufficiently alleged that the injury became reasonably ascertainable within the statute of limitations. Ms. Thompson has done so. The proposed Amended Complaint alleges that Ms. Thompson first became aware of the Thompson Trust and the George E. Thompson Trust in 2010 during the course of state court litigation. She also alleges that Ms. Harness testified that she received funds from the George E. Thompson Trust during a deposition taken on June 7-8, 2011. Thus, she alleges the injury became reasonably ascertainable on June 8, 2011, at the earliest. Viewing these asserted facts in the light most favorable to Ms. Thompson, as this court must, the proposed amendments regarding the knowledge of injury are not futile.[1]

---

[1] The court notes that it is not making a determination on when the injury became reasonably ascertainable, such a determination requires more factual development. Ms. Harness may raise this issue again in her Reply to Ms. Thompson's Response on the Motion to Dismiss, or the issue may be raised at summary judgment.

6

*B. Bad Faith*

Last, Ms. Harness opposes the Motion for Leave to Amend arguing that the proposed amendments are being sought in bad faith because they contradict allegations made in the original pleadings. She cites two cases from other jurisdictions to support her position; the cases are not persuasive. *See Two Moms and a Toy, L.L.C. v. Intern. Playthings, L.L.C.*, No. 10-cv-02271, 2011 WL 5593178, at *3-4 (D. Colo. 2011) (finding the proposed amendment to add a defendant was sought in bad faith because it was motivated by discovery and not plaintiff's desire to seek redress against the added defendant); *Kant v. Columbia Univ.*, No. 08 Civ. 7476, 2010 WL 807442, at *7 (S.D.N.Y. 2010) (finding the proposed third amended complaint was submitted in bad faith because it was a "clumsy attempt to avoid the statute of frauds"). Here, the factual contradictions in the proposed Amended Complaint appear to be asserted for the purpose of correcting earlier factual statements proven incorrect through discovery and not in a bad faith attempt to avoid Ms. Harness's motion to dismiss. Thus, the addition of facts in the proposed Amended Complaint, even to the extent they conflict, is not in bad faith.

She also argues the addition of the unjust enrichment claim is being sought in bad faith because it has a three-year statute of limitations, rather than a two-year one like the original claims. Again, the court does not believe this additional claim was asserted in a bad faith attempt to gain a longer statute of limitations. Based on Ms. Thompson's current allegations, even the claims with a two-year statute of limitations are not time barred.

IT IS ACCORDINGLY ORDERED this 26th day of June 2012, that Josephine M. Thompson's Motion to Amend Her Complaint (Dkt. No. 41) is granted.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE